UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOSEPH J. BRITTON, JR.**                                   **CIVIL ACTION**

**versus**                                                    **NO. 14-1291**

**BURL CAIN**                                                **SECTION: "B" (1)**

## REPORT AND RECOMMENDATION

       This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

       Petitioner, Joseph J. Britton, Jr., is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On May 4, 1994, he pleaded guilty under Louisiana law to attempted second degree murder and armed robbery. On that same date, he was sentenced on the former conviction to a term of fifty years imprisonment and on the latter conviction to a concurrent to a term of eighty-nine years imprisonment without benefit of parole, probation, or suspension of sentence.[1] On October 25, 1994, he pleaded guilty to being a third offender and was resentenced

---

[1] State Rec., Vol. I of IV, transcript of May 4, 1994; State Rec., Vol. II of IV, minute entry dated May 4, 1994; State Rec., Vol. II of IV, plea form.

as such on the armed robbery conviction to a concurrent term of eighty-nine years imprisonment without benefit of parole, probation, or suspension of sentence.[2]  He did not appeal.

On October 8, 1996, petitioner filed a "Motion to Correct Illegal Sentence" with the state district court.[3]  That motion was denied on October 17, 1996.[4]

On February 21, 1997, petitioner filed an application for post-conviction relief with the state district court.[5]  That application was denied on March 10, 1997.[6]

On or about January 23, 2001, petitioner filed another application for post-conviction relief with the state district court.[7]  That application was denied on March 15, 2001.[8]  His related

---

[2] State Rec., Vol. II of IV, minute entry dated October 25, 1994.

[3] State Rec., Vol. II of IV.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date of the applications or accompanying documents as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court. While these assumptions are somewhat imprecise, approximate filing dates are sufficient here because petitioner's federal application is untimely by many years.

[4] State Rec., Vol. II of IV, Order dated October 17, 1996.

[5] State Rec., Vol. II of IV.

[6] State Rec., Vol. II of IV, Order dated March 10, 1997.

[7] State Rec., Vol. II of IV.

[8] State Rec., Vol. I of IV, Order dated March 15, 2001.

writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on November16, 2001,[9] and by the Louisiana Supreme Court on November 15, 2002.[10]

On November 18, 2003, petitioner filed a "Motion to Vacate an Illegal Sentence and to Set Aside an Invalid Guilty Plea" with the state district court.[11] That motion was denied on December 11, 2003,[12] and February 27, 2004.[13] His related writ applications were likewise denied by the Louisiana Fifth Circuit Court of Appeal on January 24, 2007,[14] and by the Louisiana Supreme Court on December 7, 2007.[15]

It subsequently came to light that the Louisiana Fifth Court of Appeal had for years used improper procedures for the review and disposition of *pro se* post-conviction applications. As a result, on October 6, 2008, petitioner filed with the Louisiana Supreme Court an original application challenging those procedures.[16] On April 24, 2009, the Supreme Court transferred that

---

[9] Britton v. Cain, No. 01-KH-1282 (La. App. 5th Cir. Nov. 16, 2001); State Rec., Vol. I of IV.

[10] State *ex rel.* Britton v. State, 829 So. 2d 417 (La. 2002) (No. 2002-KH-0086); State Rec., Vol. III of IV.

[11] State Rec., Vol. I of IV.

[12] State Rec., Vol. I of IV, Order dated December 11, 2003.

[13] State Rec., Vol. I of IV, Order dated February 27, 2004.

[14] State v. Britton, No. 07-KH-42 (La. App. 5th Cir. Jan. 24, 2007); State Rec., Vol. I of IV.

[15] State *ex rel.* Britton v. State, 969 So. 2d 623 (La. 2007) (No. 2007-KH-0615); State Rec., Vol. I of IV.

[16] State Rec., Vol. III of IV. The Court additionally notes that, after this application was filed and while it remained pending, petitioner also filed another motion to correct an illegal sentence with the state district court, and that motion was denied on November 17, 2008, without petitioner seeking further review. State Rec., Vol. I of IV, Order dated November 17, 2008.

application to the Louisiana Fifth Circuit Court of Appeal for consideration pursuant to the procedures set forth in State v. Cordero, 993 So. 2d 203 (La. 2008).[17] While that review was pending, petitioner also filed a "Motion for Nunc Pro Tunc Hearing" with the state district court on January 18, 2010.[18] That motion was denied on January 28, 2010.[19] On June 21, 2011, the Louisiana Fifth Circuit Court of Appeal then issued an opinion denying relief on both the Cordero review and petitioner's challenge of the denial of his ""Motion for Nunc Pro Tunc Hearing."[20] The Louisiana Supreme Court likewise denied petitioner's related writ applications on April 20, 2012.[21]

On February 11, 2013, petitioner filed another application for post-conviction relief with the state district court.[22] That application was denied on April 1, 2013.[23] His related writ applications were then denied by the Louisiana Fifth Circuit Court of Appeal on May 29, 2013,[24] and by the Louisiana Supreme Court on January 17, 2014.[25]

---

[17] State ex rel. Britton v. State, 7 So. 3d 1211 (La. 2009) (No. 2008-KH-2647); State Rec., Vol. I of IV.

[18] State Rec., Vol. I of IV.

[19] State Rec., Vol. I of IV, Order dated January 28, 2010.

[20] State ex rel. Britton v. State, No. 09-WR-558 c/w 10-KH-194 (La. App. 5th Cir. June 21, 2011); State Rec., Vol. I of IV.

[21] State ex rel. Britton v. State, 85 So. 3d 1259 (La. 2012) (No. 2011-KH-1744); State ex rel. Britton v. State, 85 So. 3d 1265 (La. 2012) (No. 2011-KH-1670); State Rec., Vol. IV of IV.

[22] State Rec., Vol. I of IV.

[23] State Rec., Vol. I of IV, Order dated April 1, 2013.

[24] State ex rel. Britton v. Cain, No. 13-KH-392 (La. App. 5th Cir. May 29, 2013); State Rec., Vol. I of IV.

[25] State ex rel. Britton v. State, 130 So. 3d 944 (La. 2014) (No. 2013-KH-1617); State Rec., Vol. I of IV.

On or after April 11, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.[26] The state argues that the federal application is untimely.[27] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[28] However, with respect to prisoners such as Britton, whose convictions and sentences became final prior to the enactment of the AEDPA, a grace period applies, and the one-year statute of limitations begins to run in such cases on the AEDPA's effective date, April 24, 1996. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). Therefore, the one-year period that he had to file his application for federal *habeas corpus* relief expired on April 24, 1997, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

---

[26] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Because petitioner signed his application on April 11, 2014, see Rec. Doc. 1, p. 9, it was obviously given to prison officials for mailing on or after that date.

[27] Rec. Doc. 15.

[28] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).[29]

After one hundred sixty-six (166) days elapsed, petitioner tolled the federal limitations period by filing his "Motion to Correct Illegal Sentence" with the state district court on October 8, 1996. Once that application was denied on October 17, 1996, he had until November 18, 1996, to seek review by the Louisiana Fifth Circuit Court of Appeal.[30] When he failed to seek such review, his post-conviction application ceased to be pending on that date and the federal limitations period resumed. See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004) (a state application ceases to be pending when the time for supervisory review expires).

After an additional ninety-four (94) days of the federal limitations period elapsed, petitioner filed his post-conviction application with the state district court on February 21, 1997. That application was then denied on March 10, 1997. Accordingly, that post-conviction application

---

[29] Out of an abundance of caution, the Court notes that, over the past two decades, petitioner has filed a number of motions requesting transcripts and other documents. However, those motions are not discussed in this Report and Recommendation because they are irrelevant to the timeliness of petitioner's federal application. It is clear that such motions seeking transcripts or documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

[30] A litigant has thirty days to seek review by a Louisiana Court of Appeal. See Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404-06 (5th Cir. 2001); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *3 & n.24 (E.D. La. Aug. 15, 2007). Because the thirtieth day here fell on a Saturday, petitioner had until Monday, November 18, 1996, to seek further review. See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

ceased to be pending, and the federal limitations period therefore again resumed, on April 9, 1997, when his period expired for seeking review by the Louisiana Fifth Circuit Court of Appeal.

Because two hundred fifty-seven (260) days of his federal limitations had elapsed at that point, petitioner then had only one hundred eight (105) remaining days, i.e. until July 23, 1997, either to again toll the federal limitations period or to file his federal *habeas corpus* application.

Because petitioner filed no other state post-conviction or other collateral review applications on or before July 23, 1997, he obviously is not entitled to further *statutory* tolling. Although he subsequently filed numerous such applications, any applications filed *after* the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

The Court must next consider *equitable* tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294

F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

The Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  By entering his unconditional pleas, petitioner has already conceded under oath that he in fact committed and was guilty of the crimes of which he stands convicted.  Moreover, even if McQuiggin applies in the context of a guilty plea, a point which is by no means clear,[31] petitioner has not made a colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than July

---

[31] Some courts have held that McQuiggin's actual innocence exception does not apply where the petitioner pleaded guilty.  See, e.g., Jackson v. United States, No. 13-CV-818, 2013 WL 5295701, at *3 (E.D. Wis. Sept. 18, 2013); Sidener v. United States, No. 11-CV-3085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013). But see Green v. Williams, No. 3:11-CV-00455, 2013 WL 4458971 (D. Nev. Aug. 16, 2013).

23, 1997, in order to be timely. His federal application was not filed until on or after April 11, 2014, and, therefore, it is untimely.

Lastly, the Court notes that petitioner argues that the untimeliness of his federal application should be excused under Martinez v. Ryan, 132 S. Ct. 1309 (2012). In Martinez, the United States Supreme Court held: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 132 S. Ct. at 1320. Because Martinez concerned the procedural default doctrine,[32] *not* the AEDPA's statute of limitations, it is inapplicable here and does not excuse petitioner's failure to seek federal relief in a timely manner. See, e.g., Arthur v. Thomas, 739 F.3d 611, 628-31 (11th Cir.), cert. denied, 135 S. Ct. 106 (2014); Suggs v. Louisiana, Civ. Action No. 14-151, 2015 WL 1125277, at *11 n.41 (E.D. La. Mar. 12, 2015); Lyles v. Tanner, Civ. Action No. 13-655, 2014 WL 4674673, at *1-2 (E.D. La. Sept. 17, 2014); Falls v. Cain, Civ. Action No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. June 13, 2014); Easter v. Lee, Civ. Action No. 3:13-cv-1014, 2014 WL 199255, at *3 (S.D. Miss. Jan. 16, 2014); Henschen v. Secretary, Florida Department of Corrections, No. 3:12cv571, 2013 WL 6816093, at *5 (N.D. Fla. Dec. 24, 2013); Oxley v. Cain, Civ.

---

[32] Under the procedural default doctrine, "[a] claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted). In that instance, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).

Action No. 11-669, 2013 WL 5238297, at *2 (M.D. La. Sept. 17, 2013); Kuykendall v. Stephens, Civ. Action No. 13-CV-248, 2013 WL 3455724, at *3 (N.D. Tex. July 9, 2013).

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Joseph J. Britton, Jr., be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[33]

New Orleans, Louisiana, this seventh day of April, 2015.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[33] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.