```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JOSEPH BRITTON, JR.                              CIVIL ACTION

VERSUS                                           14-1291

N. BURL CAIN                                     SECTION "B"(1)
```

## ORDER AND REASONS

Before the Court is Joseph Britton, Jr.'s ("Petitioner") petition pursuant to 28 U.S.C § 2254 for writ of habeas corpus. (Rec. Doc. 1). Burl Cain ("Respondent"), as warden of the Louisiana State Penitentiary where Petitioner is being confined, filed a memorandum in opposition to the petition. (Rec. Doc. 15). The petition was referred to Magistrate Judge Shushan, issued a Report and Recommendation on April 7, 2015, recommending that the petition be dismissed with prejudice as untimely. (Rec. Doc. 16). Petitioner filed timely objections to the Magistrate's ruling on April 17, 2015. (Rec. Doc. 17).

For the reasons enumerated below, **IT IS ORDERED** that the Magistrate's Report and Recommendation (Rec. Doc. 16) is **ADOPTED** and the instant habeas corpus petition is **DISMISSED WITH PREJUDICE** as untimely, overruling Petitioner's objections.

1

**I. FACTS**

This petition arises out of Petitioner's incarceration at the Louisiana State Penitentiary in Angola, Louisiana. On May 4, 1994, he pleaded guilty under Louisiana law to attempted second-degree murder and armed robbery. On that same date, the trial court sentenced him on the former conviction to a term of 50 years imprisonment and on the latter conviction to a concurrent term of 89 years imprisonment without benefit of parole, probation, or suspension of sentence.[1] On October 25, 1994, he pleaded guilty to being a third offender and the trial court resentenced him as such on the armed robbery conviction to a concurrent term of 89 years imprisonment without benefit of parole, probation, or suspension of sentence.[2] He did not appeal.

On October 8 1996, Petitioner filed a "Motion to Correct Illegal Sentence" with the state district court,[3] which denied

---

[1] State Rec., Vol. I of IV, transcript of May 4, 1994; State Rec., Vol. II of IV, minute entry dated May 4, 1994; State Rec., Vol. II of IV, plea form.
[2] State Rec., Vol. II of IV, minute entry dated October 25, 1994.
[3] State Rec., Vol. II of IV. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to the filings in this case, this court will simply use the signature date of the applications or accompanying documents as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court. While these assumptions are somewhat imprecise, approximate filing dates are sufficient here because Petitioner's federal application is untimely by many years.

2

that motion on October 17, 1996.[4]

On February 21, 1997, Petitioner filed an application for post-conviction relief with the state district court,[5] which denied that application on March 10, 1997.[6]

On or about January 23, 2001, Petitioner filed another application for post-conviction relief with the state district court,[7] which again denied that application on March 15, 2001.[8] The Louisiana Fifth Circuit Court of Appeal and Louisiana Supreme Court likewise denied his related writ applications on November 16, 2001,[9] and November 15, 2002,[10] respectively.

On November 18, 2003, Petitioner filed a "Motion to Vacate an Illegal Sentence and Set Aside an Invalid Guilty Plea" with the state district court,[11] which denied that motion on December 11, 2003[12] and February 27, 2004.[13] The Louisiana Fifth Circuit Court of Appeal and Louisiana Supreme Court denied his related writ applications on January 24, 2007,[14] and December 7, 2007,[15] respectively.

---

[4] State Rec., Vol. II of IV, Order dated October 17, 1996.
[5] State Rec., Vol. II of IV.
[6] State Rec., Vol. II of IV, Order dated March 10, 1997.
[7] State Rec., Vol. II of IV.
[8] State Rec., Vol. I of IV, Order dated March 15, 2001.
[9] *Britton v. Cain*, No. 01-KH-1282 (La. App. 5th Cir. Nov. 16, 2001); State Rec., Vol. I of IV.
[10] *State ex rel. Britton v. State*, 829 So. 2d 417 (La. 2002) (No. 2002-KH-0086); State Rec., Vol. III of IV.
[11] State Rec., Vol. I of IV.
[12] State Rec., Vol. I of IV, Order dated December 11, 2003.
[13] State Rec., Vol. I of IV, Order dated February 27, 2004.
[14] *State v. Britton*, No. 07-KH-42 (La. App. 5th Cir. Jan. 24, 2007); State Rec., Vol. I of IV.
[15] *State ex rel. Britton v. State*, 969 So. 2d 623 (La. 2007) (No. 2007-KH-0615); State Rec., Vol. I of IV.

It was subsequently discovered that the Louisiana Fifth Circuit Court of Appeal for years had used improper procedures for the review and disposition of *pro se* post-conviction applications. As a result, on October 6 2008, Petitioner filed an original application challenging those procedures with the Louisiana Supreme Court.[16] On April 24, 2009, the Supreme Court transferred that application to the Louisiana Fifth Circuit Court of Appeal for consideration pursuant to the procedures set forth in *State v. Cordero*, 993 So. 2d 203 (La. 2008).[17]

While that review was pending, Petitioner also filed a "Motion for Nunc Pro Tunc Hearing" with the state district court on January 18, 2010,[18] which denied that motion on January 28, 2010.[19] On June 21, 2011, the Louisiana Fifth Circuit Court of Appeal issued an opinion denying relief on both the *Cordero* review and Petitioner's challenge to the denial of his "Motion for Nunc Pro Tunc Hearing."[20] The Louisiana Supreme Court likewise denied Petitioner's related writ applications on April 20, 2012.[21]

---

[16] State Rec., Vol. III of IV. The Court additionally notes that, after this application was filed and while it remained pending, petitioner also filed another motion to correct an illegal sentence with the state district court, and that motion was denied on November 17, 2008, without petitioner seeking further review. State Rec., Vol. I of IV, Order dated November 17, 2008.
[17] *State ex rel. Britton v. State*, 7 So. 3d 1211 (La. 2009) (No. 2008-KH-2647); State Rec., Vol. I of IV.
[18] State Rec., Vol. I of IV.
[19] State Rec., Vol. I of IV, Order dated January 28, 2010.
[20] *State ex rel. Britton v. State*, No. 09-WR-558 c/w 10-KH-194 (La. App. 5th Cir. June 21, 2011); State Rec., Vol. I of IV.
[21] *State ex rel. Britton v. State*, 85 So. 3d 1259 (La. 2012) (No. 2011-KH-

4

On February 11, 2013, Petitioner filed another application for post-conviction relief with the state district court,[22] which denied that application on April 1, 2013.[23] The Louisiana Fifth Circuit Court of Appeal and Louisiana Supreme Court denied his related writ applications on May 29, 2013,[24] and January 17, 2014,[25] respectively.

On or after April 11, 2014, Petitioner filed the instant federal application seeking habeas corpus relief. (Rec. Doc. 1). The state argues that the federal application is untimely. (Rec. Doc. 15).

## II. ANALYSIS

Generally, objected-to portions of a Magistrate's Report and Recommendation are reviewed de novo. Fed. R. Civ. P. 72(b)(3). However, Petitioner's objections must be specific. Fed. R. Civ. P. 72(b)(2). It is well established that conclusory statements, merely restating the record, blanket objection to the entire report, and other non-specific objections do not meet the requirements to secure de novo review. *See McClure v. Texas Dep't of Criminal Justice Corr. Dep't*, 459 F. App'x 348, 349 (5th Cir. 2012); *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir.

---

1744; *State ex rel. Britton v. State*, 85 So. 3d 1265 (La. 2012) (No. 2011-KH-1670); State Rec., Vol. IV of IV.
[22] State Rec., Vol. I of IV.
[23] State Rec., Vol. I of IV, Order dated April 1, 2013.
[24] *State ex rel. Britton v. Cain*, No. 13-KH-392 (La. App. 5th Cir. May 29, 2013); State Rec., Vol. I of IV.
[25] *State ex rel. Britton v. State*, 130 So. 3d 944 (La. 2014) (No. 2013-KH-1617); State Rec., Vol. I of IV.

5

1993). Petitioner argues that he was entitled to a review of the instant motion on its merits; however, Petitioner does not make specific objections to the Magistrate's Report and Recommendation. (Rec. Doc. 17 at 2, *passim*). Therefore, the Court reviews the Magistrate's Report and Recommendation for clear error. 28 U.S.C. § 636 (b) (1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring a § 2254 claim within one year of the date on which the underlying criminal judgment becomes final; however, when a prisoner's conviction and sentence becomes final prior to the enactment of the AEDPA, a grace period applies, and the one-year statute of limitations begins to run on the AEDPA's effective date of April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). This grace period applies in the instant case; therefore, Petitioner's deadline for filing his application for federal habeas corpus relief expired on April 24, 1997, unless it was extended through tolling. After consideration of both statutory tolling and equitable tolling, the Magistrate Judge concluded that Petitioner's filing deadline was July 23, 1997, and found that the instant application filed on or after April 11, 2014, was untimely.

Petitioner argues that this Court should excuse the untimeliness of his federal application under *Martinez v. Ryan*,

6

where the Supreme Court held:

> "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."

*Martinez v. Ryan*, 132 S. Ct. 1309, 1320, 182 L. Ed. 2d 272 (2012). However, the Magistrate Judge properly determined that because *Martinez* concerned the procedural default doctrine, and not the AEDPA's statute of limitations, it is inapplicable here and does not excuse Petitioner's failure to seek federal relief in a timely manner. *See, e.g. Arthur v. Thomas*, 739 F.3d 611, 628-31 (11th Cir.), *cert. denied*, 135 S. Ct. 106 (2014); *Suggs v. Louisiana*, Civ. Action No. 14-151, 2015 WL 1125277, at *11 n.41 (E.D. La. Mar. 12, 2015; (Rec. Doc. 16 at 9). The record does not contain, and Petitioner does not offer, any evidence to show that the Magistrate's findings were clearly erroneous.

### III. CONCLUSION

Having considered the record, the applicable law, the Magistrate's Report and Recommendation, and Petitioner's objections to the Report and Recommendation, **IT IS ORDERED** that the Magistrate's Report and Recommendation (Rec. Doc. 16) is

7

**ADOPTED** and the instant habeas corpus petition is **DISMISSED WITH PREJUDICE** as untimely, overruling Petitioner's objections.

New Orleans, Louisiana, this 6th day of August, 2015.

                                      UNITED STATES DISTRICT JUDGE